UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LUIS TENORIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.: 21-4060-MMM |
| | ) |
| CHRISTELLE PEREZ, et. al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se* and detained at the Rushville Treatment and Detention Center, seeks leave to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ANALYSIS

Plaintiff files what is essentially a one paragraph complaint. There, he alleges that Assistant Attorney General Perez and his own attorney, Kate Levine, have treated him

1

unfairly. Plaintiff claims, without explanation, that the two attorneys were supposed to set up a special program for him at Rushville, but failed to do so. As a result, they are forcing him "to do group," presumably, group therapy, even though he is "mentally retarded." Plaintiff also claims that he is being held at the Rushville facility against his will. He requests $700,000 in damages.

Plaintiff's claim of unfair treatment does not rise to the level of deliberate indifference necessary to state a cognizable constitutional claim. A detainee asserting a claim under the Fourteenth Amendment needs to establish that a Defendant's conduct was objectively unreasonable, that Defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017). Here, Plaintiff does not allege any particular risk of harm to which he was exposed. While he claims that group therapy offers him no benefit, he does not allege that he has suffered injury as a result of this participation.

Even if it were otherwise, Plaintiff does not allege facts to support that an Assistant Attorney General and his own counsel have the authority to set up a program for him at Rushville, or the authority to force him to engage in group therapy, so as to be liable for these events. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (individual liability under §1983 can only be based upon a finding that the defendant caused the deprivation alleged).

Plaintiff also names Dr. Edward Smith, Dr. John Fabian, Attorney Michael Johnson, and Judge Steven Watkins, without pleading any claims against them. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."

*Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted). Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998). In addition, a Judge and Assistant State's Attorney are entitled to absolute immunity for any actions done in the course of a judicial proceeding. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).

As to Attorneys Levine and Johnson, Plaintiff has failed to sufficiently plead against them and has failed to assert that either was operating under color of law so as to be potentially liable under § 1983. While the complaint is sparsely pled, it appears that these individuals were private attorneys. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009). "When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law." Here, there is nothing to support that either was a state actor in their interactions with Plaintiff so as to be liable for any alleged constitutional violation.

Lastly, Plaintiff claims he is held at Rushville against his will. The record, however, indicates that Plaintiff has been civilly detained at Rushville Treatment and Detention Center after legal process, and committed under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. As a result, he cannot sustain this claim.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's petition to proceed in forma pauperis [ECF 3] is DENIED. The complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile as Plaintiff cannot state a constitutional claim under these facts, and the Defendants he names are not amenable to suit under §1983. This case is therefore closed, and all pending matters are rendered MOOT. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee regardless of the outcome of the appeal.

<table>
<tr><td>_8/4/2021_____<br>ENTERED</td><td>_____s/Michael M. Mihm_____<br>MICHAEL M. MIHM<br>UNITED STATES DISTRICT JUDGE</td></tr>
</table>